IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **DANNY LEE MALONE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 5:19-00146 |
| v. | ) |
| | ) |
| **MR. FRANCIS,** | ) |
| | ) |
| **Defendant.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1), filed on March 4, 2019. Having examined Plaintiff's Amended Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On March 4, 2019, Plaintiff, acting *pro se*, filed his Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document No. 1.) In his Complaint, Plaintiff named the Southern Regional Jail as the sole Defendant. (Document No. 2.) By Order entered on March 5, 2019, the undersigned directed Plaintiff to amend his Complaint to name "persons" as defendants, specifically setting forth his constitutional claims, and stating facts as to how each defendant violated his constitutional rights. (Document No. 4.) On March 11, 2019, Plaintiff filed his

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Amended Complaint naming Mr. Francis, Administrator of the Southern Regional Jail, as the sole Defendant. (Document No. 5.) Plaintiff appears to allege that the conditions of his confinement are in violation of his rights under the Eighth Amendment. (Id.) Specifically, Plaintiff states as follows:

> I've filed several grievances due to my living conditions at SRJ. I have black mold all over my ceiling and around my window frame. My window is busted and my ceiling leaks water. I have no cold water. I have been in this cell for 2 months. Black mold can kill you. My health is at risk.

(Id., p. 4.) As relief, Plaintiff requests "to have someone come to SRJ and take pictures of what I'm having to live in and this needs to be dealt with immediately." (Id., p. 5.)

## **STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## **DISCUSSION**

**1.     Exhaustion:**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[2] Woodford v.

---

[2] 42 U.S.C. § 1997e(a) provides as follows:

3

Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), aff'd, 54 Fed.Appx. 159 (4th Cir. 2003), cert. denied, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[es] judicial discretion." Ross v. Blake, ___ U.S. ___, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). But the plain language of the statute requires that only "available" administrative remedies be exhausted. Id. at 1855("A prisoner need not exhaust remedies if they are not 'available.'"); also see Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide

---

> No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

4

him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in

Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005), *abrogated on other grounds by* Custis v. Davis, 851 F.3d 358 (4th Cir. 2017). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. Jones v. Bock, supra, 549 U.S. at 216, 127 S.Ct. at 921(Failure to exhaust is an affirmative defense that a defendant must generally plead and prove); also see Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." Custis v. Davis, 851 F.3d. 358, 361 (4th Cir. 2017); also see Banks v. Marquez, 694 Fed. Appx. 159 (4th Cir. 2017)(finding no error in the district court's decision to sua sponte dismiss petitioner's petition where petitioner explicitly admitted in his petition that he failed to exhaust his administrative remedies).

The Southern Regional Jail, where Plaintiff was incarcerated at the time of the facts giving rise to this civil action, is a facility operated by the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA"), which has a grievance procedure that is outlined in a handbook of Inmate Rules and Procedures that is distributed to each inmate. The United States District Court for the Northern District of West Virginia has summarized the WVRJCFA's grievance process as follows:

> Under this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined. Upon receipt of the grievance, the Administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the Administrator must advise the inmate of the rejection. If the grievance is not rejected, the Administrator may assign a staff member to investigate the complaint. Such staff is then required to submit a written report within forty-eight (48) hours. Within two days of receipt of the written report, the Administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision. If the Administrator's response is unfavorable, the inmate may appeal to the Chief of Operation within five days of the receipt of the Administrator's decision. Upon receipt of an appeal, the Chief of Operations must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days. The Chief of Operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the Chief of Operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the Chief of Operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the Chief of Operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the Executive Director must respond to an inmate's appeal within 10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded within 60 days, inclusive of any extensions.

Chase v. Trent, 2012 WL 5845361, at * 4 (N.D.W.Va. Oct. 16, 2012)(Kaull, M.J.), report and recommendation adopted, 2012 WL 5845219 (N.D.W.Va. Nov. 19, 2012)(Keeley, J.).

In his Amended Complaint, Plaintiff acknowledges that he did not fully exhaust his available administrative remedies. (Document No. 5, p. 3.) Plaintiff states that he presented facts relating to his Amended Complaint in the state prisoner grievance process but his grievances "either get lost or never returned from upper Administration." (Id., p. 3.) Thus, it is apparent from the face of the Amended Complaint that Plaintiff failed to fully exhaust his administrative remedies prior to filing his Amended Complaint. See Custis, 851 F.3d. at 361; Banks, 694 Fed. Appx. at 160. As stated above, an inmate must first submit a grievance to the Administrator of the facility

in which he is confined. Upon receipt of the grievance, the Administrator may assign a staff member to investigate the complaint and that staff member is required to submit a written report within 48 hours. Within two days of receipt of the written report, the Administrator must provide the inmate with a written decision. If the inmate does not receive a response at the expiration of the time limit at any stage of the process, the inmate may move to the next stage of the grievance process. In the instant case, it is clear from the face of Plaintiff's Amended Complaint that he failed to consider any absence of a response as a denial and proceed to the next level. Plaintiff's Amended Complaint reveals that Plaintiff decided to forego the administrative remedy process after he did not receive a timely response to his initial grievances. The undersigned, therefore, respectfully recommends that Plaintiff's Amended Complaint be dismissed in view of his failure to exhaust his administrative remedies pursuant to the PLRA. To the extent Plaintiff is alleging that the administrative remedy process was unavailable, the undersigned will consider the merits of Plaintiff's underlying claim.

**2.    Conditions of Confinement:**

As a general matter, the Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60

L.Ed.2d 447 (1979); see also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'")(quoting Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard, and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991); also see King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993))("[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'"); Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008)(explaining that the above

9

requirements "spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'") To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). To demonstrate an "extreme deprivation," a plaintiff "must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from his exposure to the challenged conditions." Odom v. South Caroline Dept. of Corrections, 349 F.3d 765, 770 (4th Cir. 2003); also see Wilson v. Seiter, 501 U.S. at 298, 111 S.Ct. at 2321(A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities."); White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") To satisfy the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health and safety by defendants. In particular, Plaintiff must establish that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case must therefore allege and establish that each Defendant was aware of the excessive risk to Plaintiff's health or safety and each Defendant disregarded that risk.

In addition to the above, Plaintiff's claim are governed by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(e). The PLRA expressly prohibits the filing of civil actions by

prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" need not be significant, but it must be more than *de minimis*. See Flanory v. Bonn, 604 F.3d 249, 254 (6th Cir. 2010); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002); Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997); Zehner v. Trigg, 952 F.Supp. 1318 (S.D. Ind. 1997). In addition, "[a] plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." Knussman v. Maryland, 272 F.3d 625, 640 (4th Cir. 2001)(quoting Price v. City of Charlotte, 93 F.3d 1241, 1254 (4th Cir. 1996)(internal quotation marks omitted)). In light of the foregoing governing standards and principles, the undersigned will consider Plaintiff's claims of verbal abuse and exposure to excessive light.

Plaintiff appears to contend that prison conditions at SRJ are cruel and unusual based upon a leaking window, the presence of black mold, and the lack of cold water. (Document No. 5.) In Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991), the Supreme Court held that "some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." Plaintiff's allegations do not rise to the level of an Eighth Amendment claim. Plaintiff has failed

11

to demonstrate that the above prison conditions amounted to a deprivation of a human necessity. See Williams v. Adams, 935 F.2d 960, 962 (8th Cir. 1991)(plaintiff's allegations that the toilet in the cell did not work and continuously ran over causing the cell floor to stay filthy with waste stated an Eighth Amendment claim.) The conditions of confinement complained of by Plaintiff amounts to nothing more than a "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." Strickler, 989 F.2d at 1380; see also Hadley v. Peters, 70 F.3d 117 (7th Cir. 1995), cert. denied, 517 U.S. 1111, 116 S.Ct. 1333, 134 L.Ed.2d 484 (1996)("Prisons are not required to provide, and prisoner cannot expect, the services of a good hotel."); Shrader v. White, 761 F.2d 975 (4th Cir. 1985)(prisoner's allegations that there were leaking ceilings, cold water in cells, dripping shower heads, the shower area was covered in rust, mold, and mildew, and shower controls did not work failed to state an Eighth Amendment claim); Ajaj v. United States, 479 F.Supp.2d 501, 512 (D.S.C. 2007)(citing Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994)("Subjecting a prisoner to a few hours of periodic loud noises that merely annoy, rather than injure the prisoner does not demonstrate a disregard for the prisoner's welfare."); Oliver v. Powell, 250 F.Supp.2d 593, 604 (E.D.Va. 2002)(prisoner's allegations that cell contained roaches, leaky toilets, and peeling paint did not state a claim under the Eighth Amendment). Furthermore, Plaintiff fails to allege significant physical or emotional injury resulting from the challenged conditions. Strickler, 989 F.2d at 1381(an inmate "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."); see also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(prisoner's Eighth Amendment claim should be dismissed if he fails to allege a serious physical or mental injury resulting from the conditions of confinement). Although Plaintiff alleges that he is exposed to

black mold, Plaintiff does not allege that he is experiencing serious symptoms or side effects from his alleged exposure. Plaintiff further does not allege any serious physical or mental injury resulting for a leaking windowing or the lack of cold water. Therefore, the undersigned finds that Plaintiff has failed to state a claim under the Eighth Amendment for which relief can be granted.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Amended Complaint (Document No. 5), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d

91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: June 14, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge